IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY F. DIMAIO,<br><br>  Plaintiff,<br><br> v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. PATRICIA BURKE, COUNTY OF KANE, RONALD HAIN, KIM CZERNIAK, NINA CONNER, MICHAEL FELICETTI, NINA FLEMING, CHRISTI HILL, DANIKA MCGEE, HOLLY MITCHELL, DANA MUNZ, STEPHENIE O'SULLIVAN, JESSICA ORTEGON, LASHAN SMITH, AND VANESSA VELA,<br><br>  Defendants. | No. 19-cv-06613<br>Judge Franklin U. Valderrama |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tony F. DiMaio (DiMaio), a pre-trial detainee in the custody of the Kane County Sheriff's Office at the Kane County Adult Justice Center (KCAJC), filed suit against Defendants Sheriff Ronald Hain (Hain), County of Kane (Kane County), Wexford Health Sources, Inc. (Wexford), and several Wexford staff members, asserting 42 U.S.C § 1983 claims. DiMaio's claims stem from allegations that Wexford and its employees failed to provide him with constitutionally adequate care and that KCAJC exhibited widespread, consistent, and systemic failures demonstrating Wexford's deliberate indifference to inmates' and detainees' health needs as a matter

of official custom, policy, and practice. R. 38, SAC ¶ 2.[1] Hain and Kane County (collectively here, Defendants) now move to dismiss DiMaio's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 39, Mot. Dismiss. For the reasons that follow, Defendants' motion to dismiss is granted.

## Background

DiMaio was a pre-trial detainee[2] in the custody of the Kane County Sheriff's Office at the KCAJC since March 28, 2018. SAC ¶¶ 2, 51.[3] The Kane County Sheriff's Office contracted with Wexford to provide healthcare services to KCAJC inmates. *Id.* ¶ 6.

DiMaio suffers from gastrointestinal conditions, including chronic ulcerative colitis. SAC ¶ 52. On March 28, 2018, DiMaio informed a Wexford nurse of his conditions and complained of severe abdominal pain, which Wexford allegedly ignored. *Id.* ¶ 53. Indeed, DiMaio alleges that between May 11, 2018 and July 31, 2019, Wexford not only ignored his complaints of abdominal pain, but also failed to provide him with pain relief medication, failed to provide him with his prescribed

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

[2] Though not germane to the issues raised in the instant motion, the Court notes that DiMaio's current detention status is not clear. While the Second Amended Complaint, filed July 27, 2020, alleges that DiMaio was and is a pre-trial detainee (*see* SAC ¶ 5), DiMaio's Response, filed September 8, 2020, notes that he was a pre-trial detainee "until recently." (*see* R. 42, Resp. at 1).

[3] The Court accepts as true all of the well-pleaded facts in the Second Amended Complaint and draws all reasonable inferences in favor of DiMaio. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

2

medication, and ignored his demand to be treated by an off-site specialist, among other things. *Id.* ¶¶ 51–115.

Following these events, DiMaio filed suit against Kane County, Hain (the Sheriff of Kane County), as well as Wexford and several Wexford staff members.[4] Counts II, III and VI of the Second Amended Complaint assert claims against Hain and Kane County pursuant to 42 U.S.C. § 1983 for alleged violations of DiMaio's Fourteenth Amendment rights to due process of law. SAC ¶ 1. DiMaio alleges that Hain and Kane County had "actual or constructive knowledge of numerous complaints by pretrial detainees who were in the custody of the KCAJC which asserted that Wexford medical staff regularly failed to properly diagnose and treat them, including by failing to timely administer, and accurately record the administration of, prescribed medications and treatments." *Id.* ¶ 147; *see also id.* ¶¶ 158, 169. Additionally, DiMaio alleges that Hain and Kane County "failed to act in an objectively reasonable manner to protect DiMaio and other pretrial detainees" by "failing to implement practices, policies and procedures to ensure that Wexford was properly diagnosing and treating pretrial detainees, and that Wexford was properly training its staff to properly diagnose and treat pretrial detainees." *Id.* ¶¶ 148, 159, 170.

---

[4] The complaint has been amended twice. On June 9, 2020, DiMaio filed a First Amended Complaint. R. 18. On July 7, 2020, the defendants moved to dismiss for failure to state a claim. R. 29, FAC. On July 27, 2020, before the Court ruled on the pending motion to dismiss, DiMaio filed the instant Second Amended Complaint, adding a second claim against Hain in his "official capacity." *See* SAC ¶¶ 144–154.

3

Hain and Kane County now move to dismiss Counts II, III, and IV of DiMaio's Second Amended Complaint and seek dismissal of Plaintiff's request for punitive damages in Counts II and IV.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

Under 42 U.S.C. § 1983, a person may sue anyone who, while acting under color of law, causes him to be deprived of any of his constitutional rights. 42 U.S.C. § 1983; *see also Connick v. Thompson*, 563 U.S. 51, 60–62 (2011). Here, DiMaio

4

asserts three Section 1983 claims against Defendants—a Fourteenth Amendment denial of due process rights claim against Hain in his *official* capacity (Count II); a Fourteenth Amendment denial of due process rights claim against Hain in his *individual* capacity (Count III); and a Fourteenth Amendment denial of due process rights claim against Kane County (Count IV)—and requests punitive damages for each of the three claims (requests in Counts II and IV at issue here). The Court will address Defendants' arguments with respect to each substantive count in turn, followed by their argument related to the punitive damages requests.

**I.    Due Process Claim Against Hain in His Official Capacity (Count II)**

In Count II, DiMaio brings a Section 1983 claim against Hain in his official capacity as Sheriff of Kane County. To state a claim against Hain in his official capacity, DiMaio must frame his claim under the well-established standard set forth in *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 692 (1978) (an action against a defendant in his "official capacity" is, in essence, an action against the governmental entity of which the official is an agent). But, a government entity "cannot be held liable under § 1983 on a *respondeat superior* theory"; municipal liability exists only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 691, 694. To establish liability against Hain in his official capacity, then, DiMaio "must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago,* 690 F.3d 829, 833

(7th Cir. 2012). DiMaio can demonstrate this requirement through one of three *Monell* theories: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a "wide-spread practice" that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) a deliberate act from a Sheriff's Office employee with final policy-making authority. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (*citing McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)). Mere "legal conclusions or elements of the cause of action" must be disregarded and "boilerplate" allegations that repeat the elements of *Monell* claims without any further factual content should be dismissed for failure to state a claim. *Martinez v. Sgt. Hain*, 2016 WL 7212501, at *3 (N.D. Ill. Dec. 13, 2016).

The first *Monell* theory is not at issue here, because DiMaio does not attempt to plead an unconstitutional *express* policy. Rather, DiMaio relies on the second (unconstitutional widespread practice) and third (deliberate act by policymaker) *Monell* theories to assert a violation of Section 1983 against Hain in his official capacity. The Court addresses both theories as follows.

### A. *Monell* Widespread Practice Claim

Hain first moves to dismiss Count II to the extent it attempts to state a *Monell* widespread practice claim, arguing that DiMaio has only made boilerplate and conclusory allegations that are insufficient to state an unconstitutional custom or usage. Mot. Dismiss at 3. The Court agrees.

The Seventh Circuit has declined to adopt a bright-line rule defining what constitutes a widespread custom or practice, and there is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability. The parties cite to several cases supporting their positions on whether the widespread practice allegations are sufficient here, but the Court finds these cited cases to be largely unhelpful, as they do not engage in discussion regarding what allegations are/are not sufficient to plead a *widespread practice Monell* claim.[5]

Although not cited by the parties, the Court finds *Arita v. Wexford Health Sources, Inc.*, 2016 WL 6432578 (N.D. Ill. Oct. 31, 2016) instructive in assessing whether DiMaio's widespread practice claim is sufficiently pled. In *Arita*, the plaintiff alleged that "Wexford, upon information and belief, has a policy of ignoring [plaintiff's] requests/complaints, [and] other inmates' medical needs as well." *Id.* at *3. The plaintiff also asserted a single conclusory allegation that Wexford had a policy of treating other inmates in the same fashion. *Id.* The court held that these allegations were insufficient to survive a motion to dismiss. *Id.*; *see also Taylor v. Wexford Health Sources, Inc.*, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (finding that allegations of Wexford's policies and practices were vague and broad and lacked sufficient detail to put Wexford on notice of the claim against it). The court reasoned that the allegation that Wexford had a policy of ignoring complaints was made only "upon information and belief" and was unsupported by any facts regarding

---

[5]*See Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009) (no discussion of the sufficiency of allegations for a *Monell* widespread practice claim); *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cty.*, 804 F.3d 826 (7th Cir. 2015) (same); *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093 (7th Cir. 2015) (same); *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009) (same).

7

the experiences of other inmates. *Arita*, 2016 WL 6432578, at *3; *see also Winchester v. Marketti*, 2012 WL 2076375, at *4 (N.D. Ill. June 8, 2012) ("What is fatal to the *Monell* claims is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity."). The court further explained that because the facts were related only to the plaintiff's own experience and provided no facts, general or specific, regarding the experiences of other inmates with respect to Wexford's provision of medical care, the allegations were insufficient to meet the plausibility standard required to plead a widespread practice. *Id*.

Here, like the plaintiff in *Arita*, DiMaio must allege facts that allow the Court to draw a plausible inference of the existence of a widespread policy of failing to protect detainees from deficient care. The Court finds that DiMaio has not done so. DiMaio summarily alleges that (i) Hain, as Sheriff of Kane County, had "actual or constructive knowledge of numerous complaints by pretrial detainees" who claimed that Wexford medical staff regularly failed to properly diagnose and treat them (SAC ¶ 147) and (ii) "Wexford's provision of healthcare services to inmates and pretrial detainees . . . also exhibited widespread, consistent and systemic failures, which demonstrate Wexford's deliberate indifference to inmates and detainees' health needs as a matter of official custom, policy and practice" (*id*. ¶¶ 2, 44). As in *Arita*, these conclusory allegations are not enough, as DiMaio has not pled "enough facts to nudge his claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Because DiMaio has failed to plead a widespread practice claim against Hain in his official capacity, Hain's motion to dismiss as to widespread practice is granted.

8

### B. *Monell* Policymaker Claim

Hain also moves to dismiss Count II to the extent it attempts to state a *Monell* policymaker claim. DiMaio alleges that (i) Hain's failure to act in an objectively reasonable manner in implementing policies regarding Wexford's care demonstrated deliberate indifference, and (ii) Hain has "final policymaking authority over jail operations." SAC ¶¶ 147–153. Hain argues that DiMaio merely makes a blanket statement about Hain's "policymaking authority" but does not allege that Hain caused the constitutional injury and any policymaker claim should accordingly be dismissed. Mot. Dismiss at 7–8. The Court agrees.

Again, the Court finds a case not cited by the parties to be instructive. *See Turner v. City of Chi.*, 2020 WL 1548957 (N.D. Ill. Mar. 31, 2020).[6] In *Turner*, the plaintiff failed to adequately plead both (1) a policymaker's involvement in the alleged constitutional deprivation, and (2) the specific "actions and inactions" the policymaker took that would have purportedly ratified the conduct. *Id.* at *3. The court noted that when determining whether a *Monell* claim under the third theory has been adequately pled, the court must assess whether the plaintiff shows: (1) an act by an individual with policy-making authority; (2) culpability, meaning, at a minimum, deliberate conduct; and (3) causation, which means the municipal action was the "moving force" behind the constitutional injury. *Id.* at *2. The court held that

---

[6]The Court finds the cases relied on by the parties unavailing to the policymaker analysis, because the decisions are based on motions for summary judgment, not motions to dismiss. *See Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018) (summary judgment); *King v. Kramer*, 680 F.3d 1013 (7th Cir. 2012) (same); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) (same); *Gevas v. Wexford Health Sources, Inc.*, 2016 WL 1213667 (N.D. Ill. Mar. 29, 2016) (same).

the plaintiff failed to allege sufficient facts to "nudge his final policymaker allegations across the line from conceivable to plausible," because the plaintiff alleged only "bare-boned statements" not supported by additional facts which could lead to a reasonable inference of deliberate indifference. *Id*.

The Court finds that DiMaio's claim under the third *Monell* theory fails for the same reasoning set forth under *Turner*. Taking the allegation that Hain had final policymaking authority as true, DiMaio still fails to plead culpability and causation. In terms of culpability, DiMaio's allegation about Hain's knowledge about purported deprivation is insufficient. DiMaio merely asserts a conclusory allegation that Hain had "actual or constructive knowledge of numerous complaints by pretrial detainees who were in the custody of the KCAJC." *See e.g.,* SAC ¶¶ 135–36. DiMaio fails to plead how that knowledge equates to deliberate conduct.[7] In terms of causation, DiMaio also fails to adequately assert the existence of a policy that is the moving force behind DiMaio's alleged deprivation. *See Jackson v. Vill. of Just.*, 2020 WL 1530734, at *5 (N.D. Ill. Mar. 31, 2020) (insufficient pleading because the plaintiff alleged only conclusory assertions that the defendant maintained a code of silence which authorized police misconduct). As previously stated, DiMaio fails to allege instances (apart from his own experience) of the existence of a widespread policy. All in all, DiMaio does not allege enough to nudge his policymaker allegations across the line from conceivable to plausible. Because DiMaio has also failed to plead a *Monell*

---

[7] DiMaio's allegation that Hain had "constructive knowledge" of detainee's complaints undermines his argument that Hain's actual knowledge was the moving force behind the violation.

10

policymaker claim against Hain in his official capacity, Hain's motion to dismiss as to the Count II policymaker claim is granted.

Although DiMaio is now on his second amended complaint, the Court recognizes that DiMaio filed his original complaint without the assistance of counsel, and the first amended complaint was filed by appointed counsel before the Court ruled on Defendants' first motion to dismiss. Meaning, this Opinion is the first time the Court tests the sufficiency of any version of the complaint. Therefore, Count II is dismissed without prejudice, and DiMaio is given leave to amend his *Monell* claim against Hain in his official capacity.

## II. Due Process Claim Against Hain in His Individual Capacity (Count III)

Count III alleges that Hain is also liable in his *individual* capacity for the deprivation of DiMaio's constitutional rights. Section 1983 provides that a person may not be deprived of any constitutional right by an individual acting under color of state law. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). "The act authorizes claimants to sue persons in their individual capacities who are alleged to have violated such rights." *Id.* at 472–73. Individual liability under Section 1983 requires a defendant's *personal involvement* in the alleged constitutional violation. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (emphasis added); *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996). As such, allegations

11

must demonstrate that a defendant was "personally involved in the particular deprivation alleged or that the deprivation occurred at the defendant's direction or with the defendant's knowledge and consent." *Neely v. Randel*, 2013 WL 3321451, at *3 (N.D. Ill. June 29, 2013).

Hain moves to dismiss Count III, arguing that DiMaio fails to adequately state a claim against Hain in his individual capacity because DiMaio has not adequately pled Hain's personal involvement in the deprivation of adequate medical care. Mot. Dismiss at 4. The Court agrees with Hain. Other than a few references to Hain's "policymaking authority" and a vague, conclusory, and unsupported allegation that Hain had "actual or constructive" knowledge of Wexford's deficient medical policies, Plaintiff has not alleged sufficient facts to support a notion of any personal involvement by Hain. *See e.g.,* Compl. ¶¶ 135–36. Plaintiff's claim fails on that basis alone. Because DiMaio fails to plead Hain's personal involvement in the deprivation of a constitutional right, Defendants' motion to dismiss Count III is granted. Like with Count II, Count III is dismissed without prejudice.

### III. Due Process Claim Against Kane County (Count IV)

Count IV alleges that (i) "Kane County had actual or constructive knowledge that Wexford had a permanent and well-settled widespread, systemic practice, policy and custom of ignoring and failing to properly diagnose and treat inmates' and detainees' serious medical needs and conditions," and (ii) "Kane County failed to act in an objectively reasonable manner to protect DiMaio and other pretrial detainees from the foreseeable risk of these conditions" by "failing to implement practices,

12

policies and procedures to ensure that Wexford was properly diagnosing and treating pretrial detainees." SAC ¶¶ 169–70. Kane County moves to dismiss Count IV on the basis that Illinois counties cannot be held liable for the actions of county sheriffs, and a suit against a sheriff in his official capacity is really a suit against the county sheriff's department only. Mot. Dismiss at 10. Kane County also asserts that Illinois law places the operation of county jails within the purview of the elected county sheriff, not the county. *Id*. All in all, Kane County maintains that the substantive claims against it are not well-pled and that DiMaio fails to state a claim apart from its "potential liability to satisfy a judgment against" the Sheriff's Office.[8] *Id.* at 11. The Court agrees.

Kane County is correct that in Illinois, a county sheriff is an "independently elected county officer and is not an employee of the county in which the sheriff serves." *Martinez*, 2016 WL 7212501, at *4 (*citing Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 636 (7th Cir. 2009)). Although Illinois sheriffs may be agents of their county, they are not subject to their county's control. *Id.*; *see also Moy v. Cty. of Cook*, 159 Ill. 2d 519, 532 (1994) ("The county is given no authority to control the office of the sheriff."). As such, Courts routinely dismiss *Monell* claims against counties that fail to assert any pattern of inaction or lack of enforcement on the part of the counties

---

[8]Kane County acknowledges that it would be an indispensable party as an indemnitor for any judgment against the Kane County Sheriff's Office, but any substantive claims against the County cannot proceed. Resp. at 6; *see also Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir.2003) ("[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity.").

13

themselves and are actually predicated on alleged misconduct by the sheriffs' offices. *Martinez*, 2016 WL 7212501, at *4.

The Court finds this to be the case here and finds *Moore v. Marketplace Rest., Inc.* and *Martinez* instructive on that point. *See Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1356 (7th Cir. 1985); *Martinez*, 2016 WL 7212501, at *4. In *Moore*, the Seventh Circuit affirmed the district court's dismissal of a *Monell* claim against Will County on summary judgment, noting that "liability would only attach to the county if the plaintiffs could establish [here, if DiMaio alleges] that the County implicitly authorized, approved, or knowingly acquiesced in the unconstitutional behavior of the offending officers," and "mere inaction on the part of the county would be insufficient to establish liability." *Moore*, 754 F.2d at 1356. The court further explained that "although the plaintiffs' complaint alleges in general terms that the county is responsible for the failure of the sheriff and his jailer to allow the plaintiffs to post bond within a reasonable time, the complaint lacks specific allegations of any pattern of inaction or lack of enforcement of the bonding procedures." *Id*. Similarly, in *Martinez*, the court dismissed a *Monell* claim against the county because the claim was based on the sheriff's office's conduct, and the complaint lacked any "specific allegations of any pattern of inaction or lack of enforcement" by the county itself in response to an alleged policy. *Martinez*, 2016 WL 7212501, at *4 (*citing Moore*, 754 F.2d at 1356). The court further found that "no evidence [was] presented as to the county's degree of culpability as a separate entity apart from its officers." *Id*.

14

Here, DiMaio alleges that Kane County had knowledge of Wexford's widespread policy and failed to implement policies to ensure that Wexford was properly treating inmates. Resp. at 9; SAC ¶¶ 169–70. As explained in *Moore*, allegations of mere inaction (i.e., failing to implement policies) are insufficient to establish county liability. DiMaio has not alleged, as he must, that Kane County implicitly authorized, approved, or knowingly acquiesced in the unconstitutional behavior of Wexford staff. *Moore*, 754 F.2d at 1356. As such, the Court grants Defendants' motion to dismiss Count IV. However, unlike Counts II and III, Count IV is dismissed with prejudice, as the Court can discern no amendment that would cure the flaw in Plaintiff's claim against Kane County. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in . . . dismissing a complaint with prejudice . . . when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint.").

## IV. Punitive Damages Requests (Counts II and IV)

Lastly, Defendants move to dismiss DiMaio's request for punitive damages against Hain in his official capacity and Kane County, arguing that punitive damages are not recoverable against government units for federal claims. Mot. Dismiss at 11 (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)). Notably, DiMaio fails to address, much less substantively respond to Defendants' punitive damages argument in his Response. *See generally* Resp. Because DiMaio has accordingly waived any response to Defendants' argument (*see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."))

15

Case: 1:19-cv-06613 Document #: 58 Filed: 03/19/21 Page 16 of 16 PageID #:886


and because Defendants are correct that *City of Newport* held municipalities are immune from punitive damages under Section 1983, Defendants' motion to dismiss DiMaio's requests for punitive damages in Counts II and IV[9] is granted. *Dye v. Vill. of Fox Lake*, 1990 WL 114484, at *1 (N.D. Ill. July 31, 1990) (citing *Newport* and granting the Village of Fox Lake's motion to dismiss the complaint's request for punitive damages against the Village). Those requests are accordingly stricken.

## Conclusion

For the foregoing reasons, Defendants Hain and Kane County's motion to dismiss Counts II, III, and IV [39] is granted. The dismissals as to Counts II and III are without prejudice. Count IV is dismissed with prejudice. If DiMaio chooses to amend his complaint consistent with this Opinion, he must do so on or before April 16, 2021. A tracking status hearing is set for April 23, 2021 at 9:30 a.m. (no appearance is required; the case will not be called).

Franklin U. Valderrama
United States District Judge

Dated: March 19, 2021

---

[9] The Court notes that a plaintiff *can* seek punitive damages against a county official in his *individual* capacity, as DiMaio does in Count III. *See Pikul v. Dart*, 2014 WL 287536, at *3 (N.D. Ill. Jan. 27, 2014) ("Plaintiff cannot recover punitive damages from Defendant Dart in his official capacity, although he can recover punitive damages from Defendants in their individual capacities."). Here, Defendants only moved to dismiss the requests for punitive damages in Counts II and IV.